IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARTHUR HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV107 |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on pending motions filed by the parties, including (1) Plaintiff's motion for sanctions (Docket No. 6), (2) Plaintiff's motion to strike (Docket No. 7), (3) Plaintiff's motion to remand (Docket No. 8), and (4) Plaintiff's amended motion to remand (Docket No. 14). Plaintiff Arthur Hill, proceeding *pro se*, originally filed this action on December 8, 2010, in the Superior Court for Cabarrus County, alleging violations by Defendant Equifax Information Services LLC, of state and federal laws, including the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. Defendant Equifax initially removed the case to this Court on February 9, 2011, stating in its notice of removal that it was served with the Complaint on January 11, 2011. Defendant removed the action based upon federal question subject-matter jurisdiction pursuant to 28 U.S.C. §1331.

In his motion for Rule 11 sanctions (Docket No. 6), filed February 15, 2011, Plaintiff Hill challenges the removal of this action to federal court, and argues that the representation of Defendant Equifax in its Notice of Removal concerning the date of service is false and misleading and thus violates Rule 11 of the Federal Rules of Civil Procedure. Plaintiff contends that service documents show that Defendant was served with the Complaint on January 7, not January 11. Plaintiff Hill challenges the timeliness of the notice of removal, contending that Defendant was served with the Complaint more than 30 days before the initial notice of removal was filed. Plaintiff appears also to argue that removal was improper because the Fair Credit Reporting Act allows a plaintiff to bring an action in federal court or in "any other court of competent jurisdiction," and Plaintiff Hill made an election for state court by filing this action in the Cabarrus County Superior Court.[1]

Plaintiff's Motion to Strike (Docket No. 7), filed February 16, is directed toward his own motion to remand, Docket No. 6. Plaintiff acknowledges that he failed to comply with the safe harbor provisions of Rule 11(c)(2), and thus his motion should be stricken. For good cause shown, the Motion to Strike (Docket No. 7) is **GRANTED**, and Plaintiff's motion for Rule 11 sanctions, appearing at Docket No. 6, is **STRICKEN** and requires no further action by the parties or the Court.

---

[1] This argument is frivolous. The fact that state and federal courts have concurrent jurisdiction under the FCRA does not limit a defendant's right of removal under 28 U.S.C. § 1446.

Remaining before the Court are Plaintiff's Motion to Remand (Docket No. 8), filed February 16, and Plaintiff's Amended Motion to Remand (Docket No. 14), filed March 8. Defendant filed an Answer to the original Complaint in this action on February 16[2] (Docket No. 9) and also filed an "Amended Notice of Removal" on March 2 (Docket No. 12).

Plaintiff's motion to remand (Docket No. 8) is based upon a renewed argument that Defendant's notice of removal was filed in this Court outside the 30 day period permitted for removal by 28 U.S.C. § 1446(b). Plaintiff also argues that he intends to join an additional party to this action, a North Carolina business, and that joinder will destroy diversity in this action and thus deprive the Court of subject-matter jurisdiction. As noted, Defendant Equifax, on March 2, filed an "Amended Petition for Removal." (Docket No. 12.) Therein, Defendant amends its original removal notice. The original notice states that "Defendant Equifax was served with the Complaint in this action on January 11, 2011." (Docket No. 1, ¶ 2.) In the Amended Petition, Equifax states that it received a copy of the Complaint (only) on January 7, 2011, but was not served with a copy of the summons at that time as is required by the North Carolina Rule of Civil Procedure 4(j). Defendant additionally states that Plaintiff has filed an Amended Complaint in state court, and that the Amended Complaint, with summons, was properly served upon Equifax on February 18.

---

[2] In its Answer, Equifax preserved a defense of insufficient service of process.

In response to the amended petition for removal, Plaintiff Hill filed an "Amended Motion to Remand." He contends that, in light of Defendant's amended petition, it is now undisputed that Defendant was in receipt of a copy on the initial pleading (the Complaint) setting forth his claims on January 7, 2011, but did not remove the action until February 9, outside the 30-day period for removal. Defendant Equifax has responded in opposition to the amended motion to remand.

Plaintiff proceeds *pro se* in this action. The Court notes that the question of the timeliness of the removal of an action turns upon the formalities of service of process, a matter that is often complicated and outside the common experience of *pro se* litigants. Here, the record is undisputed that Plaintiff attempted service upon Defendant in early January 2011. He sent to the Sheriff of Fulton County, Georgia, only one copy (the original) of the summons along with a copy of the complaint (minus the exhibits). He received in return from the Sheriff the original of the summons, which carried the notation that a copy of the summons and complaint was served upon Defendant on January 7, 2011. Defendant avers, through competent evidence, that it received only a copy of the complaint (minus exhibits) on January 7, and did not receive a copy of the summons. Plaintiff concedes that he failed to provide a service copy of the summons to the Sheriff, and received back the original, thus raising an inference that no copy of the summons was furnished to Defendant as a part of the "service" effected by the Sheriff. Under these circumstances, it is apparent that Defendant's representation that it received no copy of the summons is consistent with

Plaintiff's own description of the events. Plaintiff admits in one filing (Docket No. 14, Am. Mot. to Remand, ¶¶ 8-12) that "service of process was not entirely complete." (*Id.*, Ex. A, Decl. of Serv. of Process, ¶ 5.)

North Carolina law provides that the Sheriff's report of service is "prima facie" proof of service, but other evidence may show an insufficiency of service. *Williams v. Burroughs Wellcome Co.*, 46 N.C. App. 459, 462, 265 S.E.2d 633, 635 (1980). The evidence presented by Defendant, *and by Plaintiff himself*, in this case persuades the Court that effective service was not accomplished upon Defendant at any time prior to the service with regard to the Amended Complaint on February 18, 2011.[3]

The failure of service of process with regard to the original complaint is fatal to Plaintiff's argument that Defendant's removal of this action was untimely. In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999), the United States Supreme Court held that formal process is required to trigger the temporal deadlines for removal, noting that official service is required, not mere notice. The Court determined that mere receipt of the complaint, unattended by formal service, was insufficient to initiate a defendant's 30-day period for removal of a state action to federal court. *See also Barbour v. Int'l Union,* No. 08-1740, 2011 WL 242131, at *10 (recognizing that *Murphy Bros.*

---

[3] *Cf. Crabtree v. City of Durham*, 136 N.C. App. 816 , 526 S.E.2d 503 (2000) (more than affidavit of Defendant required to overcome prima facie showing in return of service).

acknowledged the significance of formal service to the judicial process, particularly in the context of the time limits on removal).

Defendant's Amended Notice of Removal, filed March 2, is clearly timely with regard to the Amended Complaint filed in state court, the Amended Complaint being the only complaint properly served upon Defendant. Plaintiff's other arguments for remand, relating to the destruction of diversity jurisdiction by the potential joinder of other parties, is frivolous. This case was removed based upon federal question jurisdiction, not diversity jurisdiction. Accordingly, Plaintiff's motions to remand (Docket Nos. 8 and 14) are without merit and should be denied.

For reasons set forth above, **IT IS ORDERED** that Plaintiff's motion to strike (Docket No. 7) is **GRANTED** and therefore Plaintiff's motion for sanctions (Docket No. 6) is **STRICKEN**. Further, **IT IS RECOMMENDED** that Plaintiff's motions for remand (Docket Nos. 8 and 14) be denied and that Defendant be directed to file a response to the Amended Complaint.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: May 3, 2011