IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ARTHUR HILL,                    )
                                )
        Plaintiff,              )
                                )
        v.                      )       1:11CV107
                                )
EQUIFAX INFORMATION SERVICES,   )
LLC,                            )
                                )
        Defendant.              )
```

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Plaintiff's pro se Motion for Leave to Amend Supplemental Complaint and Joinder of Party Defendants (Docket Entry 59). (See Docket Entry dated Jan. 11, 2013.) For the reasons that follow, the Court will deny the instant Motion.

BACKGROUND

Plaintiff, acting pro se, commenced this action in state court by filing a Complaint which alleged that Defendant had violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., had committed fraud (presumably under North Carolina law), and had contravened the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1-1 et seq. (Docket Entry 3 at 1, 17-24.) The Complaint grounded those claims on various objections and "suspicious" circumstances regarding Defendant's listing of information about and/or manner of dealing with Plaintiff from 2008

through 2010. (See id. at 2-17.) Defendant removed the case to this Court (Docket Entry 1) and Plaintiff moved for remand to state court (Docket Entry 8). In February 2011, Plaintiff served on Defendant an Amended Complaint he had filed in state court (Docket Entry 12-2; see also Docket Entry 12 at 2), which, in addition to repeating the Complaint's central allegations, included new ones related to matters post-dating the Complaint's drafting (Docket Entry 12-2 at 5-32),[1] expanded the number of FCRA claims from one to 23, as well as the number of fraud claims from one to two (id. at 32-44), and added claims for intentional infliction of emotional distress and punitive damages (id. at 44). Defendant amended its removal notice (Docket Entry 12) and Plaintiff again sought remand to state court (Docket Entry 14).

The Court (per now-Chief Judge William L. Osteen, Jr., adopting the Recommendation of United States Magistrate Judge P. Trevor Sharp) declined to remand the case to state court (Docket Entries 17, 24)[2] and Defendant answered (Docket Entry 26).

---

[1] For this document and others, as to which the use of cover pages and/or the joint filing of multiple items causes a divergence between pagination original to an item and the page numbers affixed to a footer on the item upon docketing in the Court's CM/ECF system, pin cites refer to the page numbers in the CM/ECF footer.

[2] Plaintiff subsequently accused Magistrate Judge Sharp of racial bias against Plaintiff and favoritism towards Defendant based on Magistrate Judge Sharp's handling of the remand issue. (Docket Entry 28.) Magistrate Judge Sharp's retirement and the reassignment of this case to the undersigned Magistrate Judge mooted that motion. (See Text Order dated Mar. 6, 2012.)

2

Plaintiff moved for reconsideration of the remand ruling or for certification of an interlocutory appeal (Docket Entry 25), but the Court (per Chief Judge Osteen) denied such relief (Docket Entry 30).[3] When Plaintiff nonetheless sought to appeal, the United States Court of Appeals for the Fourth Circuit rejected his petition. (Docket Entry 32-1.) The parties then filed a Joint Rule 26(f) Report (Docket Entry 37), which the Court (per the undersigned Magistrate Judge) adopted (Text Order dated June 18, 2012 ("the Scheduling Order")), resulting in the establishment of August 17, 2012, as the deadline for amending pleadings and adding parties, and October 18, 2012, as the discovery deadline (id.; see also Docket Entry 37 at 3, 4).[4]

Within the time permitted under the Scheduling Order, Plaintiff moved to supplement his Amended Complaint to include further claims against Defendant under the FCRA and state law

---

[3] In moving to recuse Magistrate Judge Sharp, Plaintiff implied that grounds also existed for him to seek recusal of Chief Judge Osteen by stating that, "[a]lthough [Chief Judge Osteen] has adopted Magistrate Sharp's Order and Recommendation [that purportedly showed racial bias and favoritism toward Defendant] in its entirety without comment, Plaintiff has submitted a Motion for Reconsideration or Certification for Appeal in lieu of a Motion for Recusal as to [Chief] Judge Osteen in this matter." (Docket Entry 28 at 3.) Plaintiff, however, must have reexamined that position because, since the denial of his Motion for Reconsideration or Certification of Appeal, he has not filed any further recusal motions. (See Docket Entries dated Oct. 4, 2011, to present.)

[4] Given that schedule, the Clerk, by Notice of September 12, 2012, set the case for trial on July 1, 2013. (Docket Entry 46.)

3

related to events of the same general character as alleged in the Amended Complaint, but that occurred from August 2011 through July 2012. (Docket Entries 40, 41.)  Plaintiff also sought an order removing any obligation to conduct mediation and altering case-management deadlines (because of Plaintiff's plan to seek a further amendment adding more parties). (Docket Entry 42.)  The Court (per the undersigned Magistrate Judge) authorized Plaintiff to file his proposed supplemental pleading and rescinded the mediation directive, but refused to alter the Scheduling Order. (Text Order dated Aug. 27, 2012.)  Plaintiff filed his Supplemental Complaint (Docket Entry 44) and Defendant answered (Docket Entry 48).

During the course of discovery, Plaintiff moved for an indefinite extension of his obligation to respond to discovery requests served on him by Defendant. (Docket Entry 49.)  The Court (per the undersigned Magistrate Judge) denied that request for lack of good cause. (Text Order dated Sept. 27, 2012.)  That Text Order expressly reminded Plaintiff that the discovery period would end on October 18, 2012, and that he could not serve discovery requests if insufficient time to respond remained within the discovery period. (See id.) Despite that information, on October 11, 2012, Plaintiff requested the issuance of subpoenas under Federal Rule of Civil Procedure 45, for the purpose of requesting "production of information" from 12 entities, including a United States Post Office. (Docket Entry 50 at 1.)  Plaintiff also "move[d] for an

4

order extending the fact discovery period by 8 weeks." (Docket Entry 51 at 1.) The Court (per the undersigned Magistrate Judge) declined to issue such subpoenas (for failure to make a timely request) and denied an extension of the discovery period (for failure to show good cause). (Text Order dated Nov. 23, 2012.) That Text Order specifically rejected Plaintiff's argument that his expenditure of time researching options for expanding this case to bring in additional parties, rather than focusing on his obligation to diligently pursue discovery on matters already at issue, warranted the granting of more time for discovery. (See id.)[5]

Undeterred, on November 28, 2012, Plaintiff again sought to expand the scope of the case, despite the fact that discovery had closed six weeks earlier and that Defendant had moved for summary judgment (Docket Entry 55), by filing his instant Motion for Leave to Amend the Supplemental Complaint and Joinder of Party Defendants (Docket Entry 59). Specifically, via the instant Motion, Plaintiff seeks to add Defendant's counsel as party-defendants and to assert new claims under the FCRA against Defendant and its counsel based on their alleged improper use of his credit file in defending this case. (See Docket Entry 60 at 1-5, 10-11; Docket Entry 60-1 at 3, 11-13, 21-23.) Defendant responded in opposition (Docket Entry 63) and Plaintiff replied (Docket Entry 65).

---

[5] Plaintiff has objected to that Text Order. (Docket Entry 61; see also Text Order dated Jan. 11, 2013.)

DISCUSSION

Given the procedural posture of this case and Defendant's refusal of consent, Plaintiff "may amend [his] pleading only with . . . the court's leave. The [C]ourt should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court has discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit further has explained "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

In addition, "the [C]ourt may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The same standard applies to a motion under Federal Rule of Civil Procedure 15(d), as to one under Federal Rule of Civil Procedure 15(a). See Franks v. Ross, 313 F.3d 184, 198 & n. 15 (4th Cir. 2002); Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 644 (M.D.N.C. 2004) (recommendation of Dixon, M.J.,

6

adopted by Beaty, J.).[6]  Finally, because Plaintiff seeks to add parties after the Scheduling Order's deadline for such action, he also must show "good cause" under Federal Rule of Civil Procedure 16(b)(4).  See Nourisan Rug Corp. v. Parvizan, 535 F.3d 295, 298-99 (4th Cir. 2008).  "[T]he touchstone of 'good cause' under [Federal] Rule [of Civil Procedure] 16(b) is diligence."  Marcum v. Zimmer, 163 F.R.D. 250, 255 (S.D.W. Va. 1995).

Plaintiff's instant Motion fails under the standards of Federal Rules of Civil Procedure 15(a) and (d) and 16(b)(4). First, as Defendant noted in its opposition, "should [Plaintiff's] request be granted, the Court will also have to extend the discovery period and other deadlines in this case to provide [Defendant and the new party-defendants] with additional time to engage in discovery to defend [themselves] against [the new] claims . . . ."  (Docket Entry 63 at 11.)[7]  "[A] risk of prejudice,

---

[6] The United States Supreme Court and the Fourth Circuit both have indicated that Federal Rule of Civil Procedure 15(a) applies to motions which seek to add a party.  See Krupski v. Costa Crociere S.p.A., ___ U.S. ___, ___, 130 S. Ct. 2485, 2496 (2010); Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010).  Further, it appears that some of the matters which Plaintiff seeks to address in his proposed new supplemental complaint happened before, rather than after the date of his present Supplement Complaint, such that his instant Motion would fall, at least in part, under Federal Rule of Civil Procedure 15(a), rather than Federal Rule of Civil Procedure 15(d), on that ground as well.  In any event, because the same standard applies to both amendment and supplementation, any distinction in this regard has no material significance.

[7] Even Plaintiff recognizes this fact.  (See Docket Entry 60 at 6 (proposing "extending [of] deadlines").)

7

therefore, flows from the competing goals of moving this case to completion in a timely manner, and allowing a fair opportunity for discovery as to the new parties and claims." United States ex. rel. Knight v. Reliant Hospice Inc., Case No. 3:08-3724-CMC, 2011 WL 1321584, at *4 (D.S.C. Apr. 4, 2011) (unpublished). If the Court allowed the proffered amendment/supplementation and addition of parties, it could not reasonably address those competing goals.

Instead, the Court would have to re-open discovery, permit further filing of dispositive motions, and continue the trial, options it deems unduly prejudicial to Defendant, as well as unwise and inconsistent with the established practice in this district. See Bowden v. Kirkland & Ellis LLP, 432 F. App'x 596, 600 (7th Cir.) (affirming denial of amendment where district court "reasonably concluded that adding new defendants would unduly delay disposition of the case by triggering another round of discovery or flurry of motions"), cert. denied, ___ U.S. ___, 132 S. Ct. 243 (2011); Miller v. Administrative Office of Cts., 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions on the issue of immunity was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court."); Sanders v. Venture Stores, Inc., 56 F.3d 771, 774 (7th Cir. 1995) ("[O]ur case law uniformly advis[es] that a plaintiff's leave to amend, when filed after discovery has been closed and after a

8

defendant's motion for summary judgment has been filed, is considered unduly delayed and prejudicial."); Halpern v. Wake Forest Univ. Health Scis., 268 F.R.D. 264, 274 (M.D.N.C. 2010) ("[T]he judges of this Court consistently enforce case management deadlines to ensure that trials take place as scheduled."), aff'd, No. 1:09CV474 (M.D.N.C. Sept. 20, 2010) (Tilley, S.J.) (unpublished); Robinson v. Presbyterian Wound Care Ctr., No. 3:07CV21FDW, 2008 WL 2789341, at *1 (W.D.N.C. July 10, 2008) (unpublished) ("The management of the Court's docket is of the utmost importance to the carrying out of justice . . . ."); Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., No. 1:03CV537, 2005 WL 6043267, at *3 (M.D.N.C. July 7, 2005) (unpublished) (noting that "[C]ourt's scheduling practice has proven to be effective for the management of individual cases and for overall docket control and management" and citing its "history of strict adherence to discovery schedules").

Further, given that the proffered amendment/supplementation focuses on the conduct of the defense of this case, "the added allegations, even if bearing some relationship to the original claim[s], are also so clearly distinct from the original claims that they will vastly expand the complexities of proof and risk confusion of the jury . . . [and allowing such an amendment or supplementation thus] would be unduly prejudicial both to the original Defendant[] and those to be added." Knight, 2011 WL

9

1321584, at *4; accord Reeves v. Ransom, No. 1:10CV56, 2011 WL 4549144, at *12 (M.D.N.C. Sept. 29, 2011) (unpublished) ("The proposed amendments thus would complicate this case and magnify the risk of confusion in a prejudicial fashion."); Lover v. District of Columbia, 248 F.R.D. 319, 322 (D.D.C. 2008) ("Allowing a plaintiff to amend his complaint may unduly prejudice a defendant if amendment would . . . 'expand the allegations beyond the scope of the initial complaint.' Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999). Prejudice is likely if 'the amended complaint contains "new complex and serious charges" which would undoubtably require additional discovery . . . .' Ferguson v. Roberts, 11 F.3d 696, 706 (7th Cir. 1993)." (internal brackets omitted)).

The fact that Plaintiff proposes to add Defendant's counsel as party-defendants heightens the degree of prejudice and may suggest bad faith on Plaintiff's part. See Dubuc v. Green Oak Twp., 482 F. App'x 128, 133 (6th Cir.) ("[By adding the defendant's counsel as a party-defendant, the plaintiff] caused both harassment and delay because he caused the [defendant] to be divested of its primary counsel and forced it to find new counsel. It is not speculative to infer that [the plaintiff's] motives were to bring about the result that was achieved. It was not an abuse of discretion to find that [the plaintiff] filed the complaint [adding the defendant's counsel as a party-defendant] for the bad-faith purpose of causing harassment and delay."), cert. denied, ___ U.S. ___, 133

10

S. Ct. 683 (2012); Landmark Dev. Grp. v. JEG Holdings, Inc., 185 F.R.D. 126, 128 (D. Conn. 1999) (denying motion to add the plaintiff's counsel as counterclaim-defendant because such action would cause counsel to "be disqualified from representing [the plaintiff]" and would cause the plaintiff to "incur increased litigation expense because the plaintiff's new attorney will likely require more trial preparation time").

Nor has Plaintiff shown that he acted diligently in seeking to add parties. As Defendant observed in its opposing brief, "Plaintiff attempts to justify his delay by claiming that he did not learn of the alleged FCRA violation [involving Defendant's counsel] until October 5, 2012, when [Defendant's counsel] took [Plaintiff's] deposition. Even if true, this fails to demonstrate good cause for waiting almost two months after that date . . . to file a motion to amend." (Docket Entry 63 at 11; see also Docket Entry 60 (setting forth Plaintiff's assertion that "[t]he additional facts leading to the motion for amendments and joinder were discovered on October 5, 2012").)

Accordingly, the Court will deny the instant Motion.[8]

---

[8] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n. 8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation. See also Everett v. Prison Health Servs., 412 F. App'x 604, 605 & n. 2 (4th Cir. 2011) ("[The plaintiff] moved for leave to amend her complaint . . . to add . . . a defendant . . . and to add a state-law claim of medical malpractice against [that new defendant]. After a hearing, the magistrate judge denied

11

CONCLUSION

Given the prejudice that would result to Defendant, justice does not require and just terms do not exist as required by Federal Rule of Civil Procedure 15(a) and (d) for the Court to allow Plaintiff to further amend/supplement and to add parties to his Amended Complaint and Supplemental Complaint.  Nor has Plaintiff shown that he acted with the requisite diligence to establish good cause under Federal Rule of Civil Procedure 16(b)(4) for his proposed addition of parties after the deadline for such action.

**IT IS THEREFORE ORDERED** that Plaintiff's pro se Motion for Leave to Amend Supplemental Complaint and Joinder of Party Defendants (Docket Entry 59) is **DENIED.**

This the 7th day of February, 2013.

>                /s/ L. Patrick Auld
>          **L. Patrick Auld**
>     **United States Magistrate Judge**

---

[that] motion. [The plaintiff] timely objected, thereby preserving the issue for review by the district court. . . .  [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.'  Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").